# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49843

STATE OF IDAHO, )
                           )
           Plaintiff-Respondent, )
                           )
v.                           )
                           )
KYLI KIMBERLY PALMA, )
                           )
           Defendant-Appellant. )
                           )

Filed: April 5, 2023

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction and unified sentence of seventeen years, with a minimum period of confinement of seven years, for possession of a controlled substance with intent to deliver, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

      Kyli Kimberly Palma pled guilty to possession of a controlled substance with the intent to deliver, Idaho Code § 37-2732(a). In exchange for her guilty plea, additional charges were dismissed. The district court imposed a unified sentence of seventeen years, with a minimum period of incarceration of seven years. Palma appeals, contending that her sentence is excessive.

      Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-

1

15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Palma's judgment of conviction and sentence are affirmed.